# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| SHERRIE MEEKS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JONATHAN SILVER LOVE, DECEASED, AND AS NEXT FRIEND OF P. L. AND F.L., MINOR CHILDREN OF JONATHAN SILVER LOVE, DECEASED<br>　　　Plaintiffs,<br><br>V.<br><br>FRAKLIN COUNTY<br><br>　　　Defendant. | §§§§§§§§§§§§§§§§§ | Civil Action No. 5:14-cv-00140 |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

## I.
## PARTIES

1.    Plaintiff, Sherrie Meeks is an individual residing in Upshur County, Texas, and is the mother of Jonathan Silver Love, deceased.

2.    Plaintiff, Sherrie Meeks, as Administratix of the estate of Johnathan Silver Love, deceased, is an individual residing in Upshur County, Texas and is the duly appointed Administratrix of the Estate of Jonathan Silver Love, deceased, which said probate proceeding is pending in Upshur County, Texas.

3. Plaintiff, Sherrie Meeks, as next friend of P.L. and F.L., minor children, is an individual residing in Upshur County, Texas. P.L. and F.L. are the daughters of Jonathan Silver Love, deceased.

4. Defendant, Franklin County, is a county of the State of Texas. Franklin County operates and funds the Franklin County Sheriff's Office. Franklin County, through its Sheriff, is responsible for implementation of policies, procedures, practices and customs as well as the acts and omissions complained in this lawsuit, and to ensure that its agents and employees, under the supervision of the Franklin County Sheriff, obey the laws of the State of Texas and the United States. Defendant, Franklin County, may be served by serving its County Judge, Judge Paul Lovier, at 200 N. Kaufman Street, Mount Vernon, Franklin County, Texas 75457.

## II.
## JURISDICTION AND VENUE

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 since Plaintiffs are suing for relief under 42 U.S.C. §1983.

6. Venue is appropriate in the United States District Court, Eastern District, Texarkana Division, since Franklin County was the location of the events made the basis of this cause of action.

## III.
## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or occurred. Fed. R. Civ. P. 9(c).

## IV.
## FACTS

8. On or about November 7, 2014, Jonathan Silver Love was involved in an altercation with the Defendant and Franklin County Sheriff's office and its employees. Jonathan Silver Love became involved in an automobile pursuit with Franklin County Sheriff's Office and employees of Franklin County/Franklin County Sheriff's Office. Once the automobile pursuit ended, Franklin County Sheriff's Office and employees of Franklin County/Franklin County Sheriff's Office, began a pursuit of Jonathan Silver Love on foot. During the pursuit, gun fire ensued, multiple gunshots being fired (upon information and belief) by Officer Jackson, Officer Zinn, and Officer Mars, employees of Franklin County/Franklin County Sheriff's office. Jonathan Silver Love sustained five (5) gunshot wounds on various parts of his body. The gunshot wounds appeared to enter from both the front and back of his body. Notably, Jonathan Silver Love, sustained one gunshot wound to his middle forehead, which was an approximately one-half by one-forth inch entrance gunshot wound that was located one and one-forth inches below the crown of Jonathan Silver Love's head. Jonathan Silver Love died on or about

November 12, 2014 in Tyler, Smith County, Texas as a result of the gunshot wounds he sustained. Jonathan Silver Love was survived by his mother, Sherrie Meeks, and two (2) minor children as identified above. Jonathan Silver Love was shot by officers of Franklin County Sheriff's Office who were employed by Defendant who were acting in the course and scope of their employment with Franklin County and the Franklin County Sheriff's Office.

9. Defendant used unreasonable, unnecessary, and excessive force during the attempted arrest, investigatory stop, and attempted seizure of Jonathan Silver Love, deceased.

10. The unreasonable, unnecessary, and excessive force used by Franklin County and Defendant caused Jonathan Silver Love's death.

11. Plaintiffs suffered substantial and material injuries.

12. At the time of the attempted arrest, investigatory stop, and attempted seizure of Jonathan Silver Love, deceased, Franklin County Sheriff's Office was acting under color of the laws and regulations of the State of Texas and Franklin County and the Franklin County Sheriff's Office.

13. Franklin County and Franklin County Sheriff's Office had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals in so far as allowing the misconduct of law enforcement officials that caused the death of Jonathan Silver

Love and failing to adequately supervise, discipline or train its employees in situations such as are present in the facts of this case.

## V.
## CLAIMS UNDER 42 U.S.C. §1983 AND THE 4TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS TO ALL DEFENDANTS

14. The Defendant's use of unreasonable, unnecessary, and excessive force violated Jonathan Silver Love's clearly established constitutional rights and other rights he has under the laws of the United States and was not objectively reasonable in light of the circumstances.

15. Plaintiffs would show that Defendant's actions on the occasion in question were wrongful and constituted gross negligence in depriving Love of his constitutional rights, as alleged more fully below.

16. Plaintiffs would show that all times hereto, Defendant had a duty to avoid infliction of unjustified bodily injury to Love, to protect his bodily integrity and to not violate his constitutional rights.

17. Plaintiff would show that officers of Franklin County/Defendant failed to act as reasonable law enforcement officers would have acted in the same or similar circumstances. That is, officers of Franklin County/Defendant, without justification and the need to do so, shot and used excessive and deadly force as described above and killed Love without probable cause and/or legal justification.

Love did not pose an immediate threat to the safety of Defendant law enforcement. Love died as a result of the gunshot wounds to his body. The excessive and deadly force used by Defendant was not reasonable, justified nor was it necessary under the circumstances. Defendant's actions were not objectively reasonable under the circumstances.

18. Plaintiffs would show that Defendant denied Love his right to be free from deprivation of his rights without due process of law, in violation of the Fourth Amendment to the United States Constitution. Plaintiffs would further show that Defendant was acting within custom, policy, practice and/or procedure of Franklin County at the time of the incident in regards to the use of deadly force as authorized and/or ratified by the Policymakers of Franklin County.

19. The force used by the Defendant was unnecessary, excessive and unreasonable under the circumstances, and the action of Love did not require the use of such excessive and deadly force. Defendant embarked on a reckless and outrageous course of conduct that was intended to cause and, in fact, caused Love and Plaintiffs to suffer extreme and severe damages as set forth below.

20. Officers of Franklin County Sheriff's Department employed by Defendant who arrived at the scene were acting under color of law and acting pursuant to customs, practices and policies of the Franklin County Sheriff in regards to the use of deadly force, foot pursuits and detention of Love as

authorized and/or ratified by the Policymakers of Franklin County, Texas. Franklin County deprived Love of rights and privileges secured to Love by the Fourteenth Amendment to the United States constitution and by other laws of the United States, by failing to provide proper training in the use of deadly force, foot pursuits and detentions in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of constitutional provisions.

21. Franklin County failed to adequately train its employees regarding the use of deadly force, foot pursuits and detentions. The failure to train its employees in relevant respect reflects a deliberate indifference to Franklin County to the rights of the people of Franklin County and its inhabitants and is actionable under 42 U.S.C. § 1983.

22. Franklin County and the Franklin County Sheriff's Department have developed and maintained a policy of deficient training of its officers and deputies in the use of force, including the use of deadly force in the apprehension of individuals and detention of individuals. Franklin County's failure to provide adequate training to its officers regarding the use of deadly force and wrongful detentions reflect a deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that law enforcement officers would use excessive and deadly force on citizens and made the violations of Love's constitutional rights, including his death, a reasonable probability. Plaintiffs would

show that the actions of Defendants were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which Franklin County and the Franklin County Sheriff's Office knew or should have known but never provided the requisite or proper training.

23.   On information and belief, Defendant Franklin County, through its official policies, practices and customs, and with indifference to the constitutional rights of Love failed to implement and/or enforce the policies, procedures and practices necessary to provide constitutionally adequate protection and assistance to Love during his altercation with law enforcement, and Defendant Franklin County implemented policies, procedures, and practices that actually interfered with or prevented Love from receiving the protection, assistance and care he deserved.  Defendant Franklin County violated Love's constitutional rights by failing and failure to adequately train its officers, failing and failure to adequately discipline its officers, failing and failure to properly have in place a policy or policies for use of deadly force, failing and failure to have a policy or policies regarding use of force, failing and failure to have a policy or policies regarding foot pursuit, failing and failure to conduct an adequate investigation of the circumstances of the altercation, failing and failure to ensure that all law enforcement officers are adequately trained, and failing and failure to adequately supervise its officers.  Defendant Franklin County failed and refused to implement

customs, policies, practices or procedures, and failed to train its personnel and law enforcement officers adequately on the appropriate policies, practices or procedures regarding the use of deadly force and the detention of individuals. In doing so, Defendant Franklin County knew that it was acting against the dictates of current law, and that as a direct consequence of its decisions, policies, customs and practices, the very situation that occurred, the death of Love, in all reasonable probability would occur.

24. Defendant acted willfully, deliberately, maliciously, or with reckless disregard for Jonathan Silver Love's established constitutional rights and other rights he has under the laws of the United States.

25. Defendant Franklin County and Franklin County Sheriff's Office's polices or customs enabled its agents and employees to act with deliberate indifference to Jonathan Silver Love's constitutional rights and other rights he has under the laws of the United States.

## VI.
## DAMAGES

26. As a direct and proximate result of the Defendant's actions, either singularly or in a combination, Plaintiffs and Jonathan Silver Love, deceased, suffered the following injuries and damages, which include but are not limited to:

a) Medical expenses in the past and future;

b) Mental anguish in the past and future;

  c)  Disfigurement in the past and future;

  d)  Physical impairment in the past and future;

  e)  Lost earnings;

  f)  Loss of earning capacity;

  g)  Physical pain and suffering;

  h)  Loss of consortium in the past and future;

  i)  Property damage;

  j)  Pecuniary loss of care, maintenance, support, services, advise, counsel and reasonable contributions of pecuniary value that Plaintiffs have sustained and lost as a result of Jonathan Silver Love's death;

  k)  Loss of society and companionship representing the positive benefits flowing from the love, comfort, companionship and society that Plaintiffs have sustained as a result of Jonathan Silver Love's death;

  l)  Loss of inheritance.

27. These damages should be separately assed by the jury with regard to each individual Plaintiff.  A fair and impartial jury should hear the evidence and award an amount for each element of damages that is just and fair based upon the evidence.

## VII.
## ATTORNEYS' FEES, EXEMPLARY DAMAGES, AND COSTS

28. Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. 1988(b).

29. Plaintiffs further under 42 U.S.C. §1983 are entitled to recover, and hereby request, the award of exemplary damages, reasonable attorney's fees and costs of court.

## VIII.
## JURY

30. Plaintiffs demand a trial by jury.

## IX.
## PRAYER

31. For the reasons stated above, Plaintiffs as identified herein, request that Defendant be cited to appear and answer herein and then upon final trial and hearing, a judgment be entered in favor of the Plaintiffs and against the Defendant as follows:

 a. Awarding Plaintiffs actual damages in an amount that is within the jurisdictional limits of this court;

 b. Awarding Plaintiffs punitive or exemplary damages in an amount that is within the jurisdictional limits of this Court;

 c. Awarding Plaintiff's reasonable and necessary attorney's fees and costs of court;

  d. Awarding Plaintiffs pre-judgment interest at the highest rate permitted by law;

  e. Awarding Plaintiffs post-judgment interest at the highest rate permitted by law; and

  f. Awarding Plaintiffs all such other and further relief, at law or in equity, to which they may show themselves to be entitled.

        Respectfully submitted,

        NEWSOM LAW FIRM
        203 West Tyler
        Gilmer, Texas 75644
        Tel: (903) 680-8080
        Fax: (903) 680-8484
        E-mail: jwnewsom@newsomlawfirm.com


        /s/ Joe W. Newsom, Jr.
        Joe W. Newsom, Jr.
        Texas Bar No. 24051112

        ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was served to opposing counsel by electronic filing on this 4th day of September, 2015.

        /s/ Joe W. Newsom, Jr.
        Joe W. Newsom, Jr.
        Texas Bar No. 24051112

        ATTORNEY FOR PLAINTIFFS